IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 10, 2018 Session

## NANCY MAUREEN JARMAN v. FRANKLIN N. JARMAN

**Appeal from the Circuit Court for Davidson County**
**No. 74538     Philip E. Smith, Judge**

_____

**No. M2017-01730-COA-R3-CV**

_____

W. NEAL MCBRAYER, J., concurring in part and dissenting in part.

I concur in the conclusion that the Circuit Court for Davidson County correctly denied the petition of Ms. Nancy Maureen Jarman to increase her alimony. But I respectfully dissent from the affirmance of the award of attorney's fees to Ms. Jarman. I share the view of Franklin N. Jarman that the trial court lacked the authority to award attorney's fees in this instance.

Under the American Rule, which Tennessee follows, civil litigants must bear their own attorney's fees absent "(1) a contractual or statutory provision creat[ing] a right to recover attorney fees; or (2) some other recognized exception to the American rule appl[ying], allowing for recovery of such fees in a particular case." *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 308 (Tenn. 2009). The Jarmans' Property Settlement Agreement, which was incorporated into their divorce decree, did not include a provision allowing for the recovery of attorney's fees in post-divorce petition modification proceedings. So given that no other exception to the America Rule is applicable, an award of attorney's fees to Ms. Jarman would only be appropriate if authorized by statute.

The trial court concluded that an award was authorized under Tennessee Code Annotated § 36-5-103(c). Under the version of the statute applicable to the Jarmans' petitions, subsection (c) provided as follows:

> The plaintiff spouse may recover from the defendant spouse, and the spouse or other person to whom the custody of the child, or children, is awarded may recover from the other spouse reasonable attorney fees incurred in enforcing any decree for alimony and/or child support, or in regard to any

suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties, both upon the original divorce hearing and at any subsequent hearing, which fees may be fixed and allowed by the court, before whom such action or proceeding is pending, in the discretion of such court.

Tenn. Code Ann. § 36-5-103(c) (2017).  Ms. Jarman was not awarded custody of the children nor was she seeking to change custody, so under its terms, the statute would permit Ms. Jarman an award of attorney's fees only if she was a "plaintiff spouse . . . enforcing a[] decree for alimony."  Here, the trial court determined, correctly, that Ms. Jarman was not seeking to enforce her alimony award; she was seeking to increase the award.

But the court still awarded attorney's fees under Tennessee Code Annotated § 36-5-103(c).  The court noted that "the case law, as it currently exists as to whether attorney's fees should be awarded to a spouse who successfully defends a petition to modify or terminate alimony, is not entirely definitive."  Ultimately it determined that, despite the plain language of the statute, it was bound to follow the interpretation of Tennessee Code Annotated § 36-5-103(c) found in *Malkin v. Malkin*, 475 S.W.3d 252 (Tenn. Ct. App. 2015).  In *Malkin*, the Court of Appeals held that, under Tennessee Code Annotated § 36-5-103(c), "a court may award attorney's fees to an alimony recipient who is forced to defend an action to reduce or terminate that alimony."  *Id*. at 263.

The majority relies on *Malkin* also.  I find *Malkin* factually distinguishable because it involved a request for attorney's fees on appeal, as opposed to at trial.  *See id.* ("Finally, we consider Wife's request for an award of her attorney's fees and expenses on appeal.").  But I acknowledge that the spouse in *Malkin* seeking an award of fees on appeal was not a "plaintiff spouse" before the trial court; she was defending against her former spouse's petition to modify alimony.  *Id*. at 256.  Had Tennessee Code Annotated § 36-5-103(c) not been amended, I believe the Court should have revisited the interpretation *Malkin* placed on the statute in light of the statute's plain and unambiguous language.

I do not take the same comfort as the majority in our Legislature's decision to amend Tennessee Code Annotated § 36-5-103(c).  *See* 2018-2 Tenn. Code Ann. Adv. Legis. Serv. 236 (ch. 905) (LexisNexis).  Rather than adopting *Malkin*'s interpretation of the statute, the Legislature now requires that a spouse be "[a] prevailing party" in order to recover attorney's fees.  Tenn. Code Ann. § 36-5-103(c) (Supp. 2018).  Defending against an action to reduce or terminate alimony is no longer enough to trigger an award.

Finally, the majority notes that, in other modification cases, the court has "'simply relied on the general principles applicable to attorney's fees in divorce cases and on opinions involving initial awards'" in awarding attorney's fees, quoting *Evans v. Evans*,

No. M2002-02947-COA-R3-CV, 2004 WL 1882586, at *15 (Tenn. Ct. App. Aug. 23, 2004). For the reasons I have previously explained, I do not believe the alimony statute, Tennessee Code Annotated § 36-5-121, authorizes an award of attorney's fees in post-divorce modification proceedings. *See Scherzer v. Scherzer*, No. M2017-00635-COA-R3-CV, 2018 WL 2371749, at *22-23 (Tenn. Ct. App. May 24, 2018) (McBrayer, J., concurring).

For these reasons, I concur in the affirmance of the denial of Ms. Jarman's motion to modify her alimony payments, but I dissent from the affirmance of the award of attorney's fees to Ms. Jarman.

_____

W. NEAL MCBRAYER, JUDGE